Jones, J.
I concur in the conclusion at which my associates have arrived, for the following reasons :
1st. The objection, that the exceptions were not presented in proper shape to be heard, does not appear (by the papers) to have been taken below. The matter was there argued and decided on its merits, this objection being waived by reason of its not having been taken. Consequently, the defendants are not now in a position to urge it.
2d. In this case the facts upon which the order of arrest was granted are the same as those which constitute the cause of action. In such case a motion to vacate the order of arrest will not be'granted unless the whole of the proof adduced on such motion is such as, if it were evidence given on the trial of the cause, the court would be obliged to non-suit the plaintiff for insufficiency of proof. In the present *694 case, I think the plaintiff could not be nonsuited for insufficiency of the proof to support the cause of action.
3d. Until the making of the order appealed from, the original motion to discharge the order of arrest remained undetermined. The order of reference, the proceeding thereon, and the hearing of the exceptions to the referee’s report, were all proceedings on that original motion, and constituted parts of it. The hearing, then, which resulted in the order appealed from, was the final hearing of the original motion; and the judge had the same power in refusing to confirm the referee’s report, to decide the” motion to vacate, by denying it, as the judge before whom it was first made would have had, if he had .not deemed it proper to have more light on the subject, to be procured by means of oral examination and cross-examination of witnesses before a referee.
The order should be affirmed, with $10 costs.